# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT E. MARTINEZ,** : | **CIVIL ACTION NO. 1:21-CV-1485** |
| Plaintiff : | (Judge Conner) |
| v. : | |
| **B. MASON,** *et al.*, : | |
| Defendants : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 brought by *pro se* plaintiff Albert E. Martinez, an inmate in the State Correctional Institution-Mahanoy ("SCI-Mahanoy"). Martinez, who was incarcerated in SCI-Mahanoy at all relevant times, alleges that defendants have continuously violated his right to freedom of religion under the First Amendment by denying him Kosher meals. He also asserts that defendants violated his rights under the Eighth Amendment by withholding twenty-seven meals from him over a thirteen-day period in May 2020. Defendants have moved to dismiss all claims against defendants Mason, MacKnight, and White. The motion will be granted.

**I.     Factual Background & Procedural History**

Martinez initiated this case through the filing of a complaint on August 13, 2021, which the court received and docketed on August 27, 2021. (Doc. 1). According to the allegations in the complaint, Martinez is Jewish and was approved for kosher meals by the Pennsylvania Department of Corrections in 2017. (Id. at 9). Martinez began receiving kosher meals at SCI-Mahanoy in September 2019. (Id.)

Around this time, defendant Liggit allegedly informed Martinez that his kosher meals would be revoked and that Martinez could apply for reinstatement of the meals in six months. (Id.) Martinez applied for reinstatement, and his kosher meals were briefly reinstated on May 7, 2020. (Id.) He received a kosher breakfast on May 8, 2020, but thereafter he was allegedly denied kosher meals on ten consecutive occasions. (Id.) Martinez informed prison staff that he was supposed to receive kosher meals, but no kosher meals were provided to him. (Id.)

On May 11, 2020, Martinez's unit counselor, Mr. Flores, allegedly emailed the individuals tasked with issuing kosher meals, which resulted in Martinez receiving kosher meals again beginning on May 11, 2020. (Id.) He continued to receive kosher meals from May 11, 2020 to May 15, 2020. (Id. at 9-10). Beginning on May 15, 2020 and continuing through May 20, 2020, however, prison staff allegedly did not give Martinez any meals, whether kosher or otherwise. (Id.) Martinez alleges that he was denied twenty-seven consecutive meals during this period. (Id. at 12).[1] Prison staff began serving Martinez non-kosher meals on May 20, 2020. (Id. at 10). He has allegedly continued to receive non-kosher meals to the present day. (Id.)

Defendant Liggit allegedly visited Martinez's cell around the time that he stopped receiving kosher meals. (Id.) Liggit is allegedly employed at SCI-Mahanoy

---

[1] The complaint makes conflicting allegations as to how many meals Martinez was denied, with one paragraph alleging that Martinez was denied seventeen meals and other paragraphs alleging that he was denied twenty-seven meals. (See id. at 10, 12-13). Because we are reviewing the complaint in the context of a motion to dismiss, we construe the complaint in the light most favorable to Martinez and accept the allegation that he was denied twenty-seven meals as true for purposes of this opinion.

2

as the prison's Chaplaincy Program Director. (Id. at 8). Liggit allegedly told Martinez that he had prematurely reinstated Martinez's kosher meals and that Martinez needed to complete a religious accommodation request form in order for the kosher meals to be reinstated. (Id. at 10). Martinez allegedly filled out the form as directed by Liggit. (Id.) Several weeks later, Liggit allegedly visited Martinez again and told him that he needed to complete another religious accommodation request form. (Id.) Martinez completed the form as directed. (Id.) Liggit and the other three defendants—Mason, White, and MacKnight—allegedly stated in written form that this second religious accommodation request form was sent to the Department of Corrections' central office for approval. (Id.) As of the date on which the complaint was filed, fifteen months had elapsed since defendants allegedly informed Martinez that the request had been submitted to the central office. (Id.) Based on this delay, the complaint alleges that defendants did not actually submit the form to the central office. (Id.)

The complaint alleges that Martinez filed administrative grievances complaining about the denial of meals in May 2020 and the continued denial of kosher meals. (Id. at 11). Defendants Mason, White, and MacKnight allegedly responded to the grievances and denied Martinez relief. (Id.) Martinez raises First and Eighth Amendment claims against Mason, White, and MacKnight based on the denial of his grievances. (Id. at 11-13). Martinez also raises a claim against defendant Liggit for violation of the First Amendment based on Liggit's alleged failure to submit Martinez's religious accommodation request form to the central office. (Id. at 13). Finally, Martinez raises a claim against an unspecified number of

3

John Doe defendants for allegedly violating Martinez's rights under the Eighth Amendment by withholding his meals from May 15, 2020 to May 20, 2020. (Id.) The complaint seeks damages, declaratory relief, and injunctive relief for the alleged violations of Martinez's civil rights. (Id. at 13-14).

Defendants filed a motion for partial dismissal on February 25, 2022, seeking to dismiss all claims against defendants Mason, White, and MacKnight for lack of personal involvement. (Doc. 17). Briefing on the motion to dismiss is complete and it is ripe for disposition. (See Docs. 18, 21). Martinez has additionally moved for leave to amend his complaint. (Doc. 25). We address the motion to dismiss and motion for leave to amend below.

**II.    Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605

4

F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

5

**III.   Discussion**

Martinez brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants argue that the claims against Mason, White, and MacKnight should be dismissed for lack of personal involvement. We agree. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

Martinez's complaint seeks to hold defendants Mason, White, and MacKnight liable for their denial of his grievances and because they had supervisory authority

6

over the John Doe defendants who allegedly withheld Martinez's meals from May 15, 2020 to May 20, 2020.  (See Doc. 1 at 11-13).  Neither theory is sufficient to allege the defendants' personal involvement.  See Dooley, 957 F.3d at 374; Rode, 845 F.2d at 1207.  We will thus grant the motion to dismiss.

We will, however, grant Martinez's motion for leave to amend.  Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d at 245.  Leave to amend is appropriate because Martinez's claims against Mason, White, and MacKnight are factually, rather than legally, deficient.

### IV. Conclusion

We will grant defendants' motion to dismiss, dismiss Martinez's claims against defendants Mason, White, and MacKnight without prejudice, and grant Martinez leave to file an amended complaint.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 21, 2022