IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALBERT E. MARTINEZ,** | : | CIVIL ACTION NO. 1:21-CV-1485 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **B. MASON**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Albert E. Martinez, alleges that defendants violated his right to freedom of religion under the First Amendment by denying him kosher meals and violated his rights under the Eighth Amendment by withholding twenty-seven meals from him in May 2020. Martinez additionally alleges that defendant Rossman caused him to be fired from his prison job in retaliation for protected conduct. Defendants Mason, White, MacKnight, and Rossman have moved to dismiss. The motion will be granted.

**I.     Factual Background & Procedural History**

Martinez filed his initial complaint on August 27, 2021. (Doc. 1). Defendants Mason, White, and MacKnight moved to dismiss based upon Martinez's failure to allege their personal involvement. (Doc. 17). The court granted the motion on June 21, 2022, and granted Martinez leave to amend. (Docs. 27-28). Martinez filed an amended complaint on July 14, 2022, and the court received and docketed the amended complaint on July 21, 2022. (Doc. 29).

According to the amended complaint, Martinez, who is Jewish, was approved for kosher meals by the Pennsylvania Department of Corrections in 2017. (Id. at 2). Martinez was transferred to SCI-Mahanoy in 2019 and began receiving kosher meals at the prison in September 2019. (Id.) Around this time, defendant Liggit allegedly informed Martinez that his kosher meals would be revoked and that he could apply for reinstatement of the meals in six months. (Id.) Martinez applied for reinstatement, and his kosher meals were briefly reinstated on May 7, 2020. (Id.) He received a kosher breakfast on May 8, 2020, but thereafter he was purportedly denied kosher meals or regular meals on ten consecutive occasions from May 8, 2020 to May 11, 2020. (Id. at 3). Martinez informed prison staff that he was supposed to receive kosher meals, but none were provided to him. (Id.)

On May 11, 2020, Martinez's unit counselor, Mr. Flores, allegedly emailed the individuals tasked with issuing kosher meals, which resulted in Martinez receiving kosher meals again beginning on May 11, 2020. (Id.) He continued to receive kosher meals from May 11, 2020 to May 15, 2020. (Id.) Beginning on May 15, 2020 and continuing through May 20, 2020, however, prison staff purportedly did not give Martinez any meals, whether kosher or otherwise. (Id.) Martinez avers that he was denied seventeen consecutive meals during this period. (Id.) Prison staff began serving Martinez non-kosher meals on May 20, 2020. (Id.) He has allegedly continued to receive non-kosher meals to the present day. (Id.)

Defendant Liggit visited Martinez's cell around the time that he stopped receiving kosher meals. (Id.) Liggit is employed at SCI-Mahanoy as the prison's Chaplaincy Program Director. (Id. at 2). Liggit allegedly told Martinez that he had

prematurely reinstated Martinez's kosher meals and that Martinez needed to complete a religious accommodation request form in order for the meals to be reinstated.  (Id. at 3).  Martinez filled out the form as directed.  (Id.)  Several weeks later, Liggit purportedly visited Martinez again and told him that he needed to complete another religious accommodation request form.  (Id.)  Martinez completed the form, but Ligitt allegedly failed to submit it to the central office.  (Id.)

Martinez filed administrative grievances complaining about the denial of meals and the continued denial of kosher meals.  (Id. at 4).  Defendants Mason, White, and MacKnight responded to the grievances and denied Martinez relief.  (Id.)  The amended complaint avers that Mason, White, and MacKnight have not intervened to prevent the violation of Martinez's rights despite being aware of the alleged violation through Martinez filing grievances and this case.  (Id.)

In January 2022 and for "several months prior," defendant Rossman allegedly repeatedly referred to Martinez as "Bin Laden."  (Id. at 4).  Martinez told Rossman he did not want to be called Bin Laden and Rossman purportedly responded, "what are you going to do, sue me like Mason?"  (Id.)  On January 31, 2022, Martinez was informed by an unnamed correctional officer that he had been fired from his job.  (Id.)  Martinez grieved the firing, but his grievance was denied based on a finding that he had committed theft.  (Id.)  The amended complaint alleges there was no evidence to support the theft finding.  (Id.)

Martinez's amended complaint asserts (1) a claim against defendant Liggit for violation of the First Amendment based on his alleged failure to submit Martinez's religious accommodation request form to the central office; (2) Eighth

3

Amendment claims against defendants Mason, White, and MacKnight for allegedly failing to intervene to stop violations of his civil rights; (3) a First Amendment retaliation claim against defendant Rossman; and (4) a claim against several John Doe defendants for allegedly violating Martinez's rights under the Eighth Amendment by withholding 27 meals from him in May 2020. (Id. at 5-6). The complaint seeks damages, declaratory relief, and injunctive relief. (Id. at 6).

Defendants Mason, White, MacKnight, and Rossman moved to dismiss on September 15, 2022, arguing that the claims against Mason, White, and MacKnight should be dismissed for Martinez's failure to allege personal involvement and that the claim against Rossman should be dismissed because it is unrelated to the other claims. (Docs. 37-38). Martinez opposed the motion on October 3, 2022, and filed supplements to his opposition on October 17, 2022 and October 20, 2022. (Docs. 39-41). We will accept the supplements as properly filed in light of Martinez's status as a *pro se* litigant. The motion to dismiss is accordingly ripe for review.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts

4

contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Martinez brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants cannot be liable for a violation of a plaintiff's civil rights unless they were personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

Martinez's claims against Mason, White, and MacKnight will be dismissed for lack of personal involvement. The amended complaint seeks to hold these defendants liable for their denial of grievances and because they had supervisory authority over the individuals who allegedly withheld Martinez's meals in May 2020. (See Doc. 29 at 4). Neither theory is sufficient to allege personal involvement. See Dooley, 957 F.3d at 374; Rode, 845 F.2d at 1207. Similarly, the fact that Martinez named Mason, White, and MacKnight as defendants in this case and that they subsequently took no action to remedy the alleged violation of his constitutional rights is not sufficient to establish personal involvement. Cf. Dooley, 957 F.3d at 374 (finding defendant's awareness of plaintiff's written complaints and grievances insufficient to allege personal involvement).

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will deny further leave to amend as futile with respect to Mason, White, and MacKnight. Martinez has had multiple opportunities to state claims upon which relief may be granted against these defendants but has failed to do so.

Moving defendants also seek dismissal of the claim against defendant Rossman because it does not relate back to the original complaint under Federal Rule of Civil Procedure 15 and because Martinez did not seek leave to add supplemental claims to his complaint. (Doc. 38 at 5-6).

We agree with defendants that the claim is properly dismissed as unrelated to Martinez's other claims, but we ground our analysis in Federal Rule of Civil

7

Procedure 20 rather than Rule 15. Under Rule 20, claims against multiple defendants may be joined in the same action only if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

See Fed. R. Civ. P. 20(a)(2).

Based on the four corners of the amended complaint, there does not appear to be any factual connection between Martinez's retaliation claim against defendant Rossman and his claims against the other defendants. The retaliation claim against Rossman is based on Martinez losing his prison employment in January 2022 after asking Rossman not to call him "Bin Laden" and his claims against the other defendants are based on the alleged denial of meals in May 2020.

Martinez argues that the claims are sufficiently related to be joined because Rossman responded to his request to not call him "Bin Laden" by stating "what are you going to do, sue me like Mason?" (Doc. 39 at 4). Martinez argues this statement shows that Rossman was harassing him in retaliation for suing Mason. (Id.)

We disagree. Rossman's offhand comment about Mason is not sufficient to establish a factual connection between his alleged retaliation and the other defendants' actions that occurred over a year and a half earlier. The gravamen of Martinez's claim against Rossman is that Rossman repeatedly called him "Bin Laden" and then retaliated against him when Martinez asked him to stop doing so. There is no factual connection between these allegations and the allegations that

8

Mason and the other defendants withheld meals from Martinez in May 2020. Hence, we conclude that the claim is misjoined in violation of Rule 20.

District courts have two options when a defendant has been misjoined in violation of Rule 20: (1) dismiss the defendant without prejudice on "just terms" or (2) sever the claims into separate lawsuits. See Fed. R. Civ. P. 21; DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006). Whether to dismiss or sever misjoined claims is committed to the court's discretion. DirecTV, Inc., 467 F.3d at 845. But courts may only dismiss misjoined claims if doing so would be just, "that is, if doing so 'will not prejudice any substantial right'" of the plaintiff. Id. (internal emphasis omitted) (quoting Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972)). "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." Id.

Martinez's claim against Rossman is governed by Pennsylvania's two-year statute of limitations for personal injury actions. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). Because the claim is based on Rossman's actions that occurred in January 2022, Martinez would have approximately seven months to timely file a new case based on the same claim. Thus, because dismissal will not prejudice Martinez's substantial rights, we will dismiss the claim against Rossman without prejudice as misjoined.

**IV.    Conclusion**

We will grant defendants' motion to dismiss, dismiss Martinez's claims against defendants Mason, White, and MacKnight without further leave to amend, and dismiss Martinez's claim against defendant Rossman without prejudice. The

9

case shall proceed only as to Martinez's claims against defendant Liggit and the John Doe defendants. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:   June 1, 2023